NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250572-U

NO. 4-25-0572

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 4, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| ROBERT JAMES SPARKS, | ) | No. 16CF523 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Knecht and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*: Postconviction counsel sufficiently shaped and supported the allegations in defendant's amended postconviction petition to satisfy the requirements of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 2    Defendant Robert James Sparks, who was convicted of home invasion (720 ILCS 5/19-6(a)(3) (West 2016)) pursuant to a guilty plea, filed a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) alleging, among other issues, that plea counsel was ineffective in light of her admission that "she f up on my case." At the second stage of postconviction proceedings, the circuit court dismissed the amended petition filed by appointed postconviction counsel. On appeal, defendant argues postconviction counsel violated Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) by failing to sufficiently shape and support the allegations in the amended postconviction petition. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. The Charges

¶ 5        In 2016, the State charged defendant by indictment with two counts of home invasion (720 ILCS 5/19-6(a)(3) (West 2016)) and two counts of armed robbery (*id.* § 18-2(a)(2)).

¶ 6                              B. Pretrial Proceedings

¶ 7        Though represented by appointed counsel at arraignment, defendant suggested the possibility of retaining private counsel because of disagreements with his appointed attorney. Counsel raised concerns regarding defendant's fitness to stand trial and his sanity at the time of the charged offenses and requested a psychological evaluation, stating that at the time of the charged offenses, defendant was "hearing voices, and seeing demons."

¶ 8        At a subsequent hearing, counsel represented that the psychological evaluation was complete, and it indicated that defendant was fit to stand trial and assist in his defense. The report also indicated that at the time of the alleged offenses, defendant did not lack the capacity to appreciate the criminality of the alleged behaviors.

¶ 9        During the same status review hearing, defendant informed the circuit court that he wanted to fire his appointed attorney and have a new public defender because "I don't think she represented me the way I should be represented." Counsel informed the court that defendant was simply unhappy about the minimum sentence on the charges he faced. The court advised defendant that just because he did not like the path that counsel had recommended for him was not reason enough to remove her as counsel. Defendant was advised that he was free to hire his own lawyer to represent him.

¶ 10                        C. Guilty Plea and Sentencing

¶ 11       In March 2017, defendant appeared before the circuit court to enter an open guilty plea to one count of home invasion in exchange for dismissal of the remaining counts. Defendant

entered a written guilty plea, which indicated that he understood his rights under Illinois Supreme Court Rule 402 (eff. July 1, 2012).

¶ 12        The factual basis set forth by the State was that Peoria police officers were called to the home of Michelle Wilson in response to a home invasion and armed robbery at her residence. Wilson reported that two men entered the back bedroom while she, her boyfriend, and her children were there. One man was wearing a black hat, had a bandana covering his face, and was wielding a shotgun or a rifle that he threatened to shoot her with. The other man was unarmed and was wearing a hooded sweatshirt, with the hood pulled tightly around his face. The two men took approximately $200 in cash, a debit card, a cell phone, and a video game console. When Wilson tried to cancel her stolen debit card, she was told that it had been used shortly after the robbery to withdraw money from an automated teller machine (ATM) at a nearby gas station.

¶ 13        Wilson believed, but "was not one hundred-percent certain," that the man wearing the hooded sweatshirt without a weapon was defendant, her ex-boyfriend, because he had the same physical features and his voice sounded very similar. Police obtained security footage from the gas station where the ATM was used. The footage showed a person who "appeared to be Defendant" using the card. Defendant was arrested and ultimately admitted during a recorded interview that he was the unarmed man involved in the home invasion who had used Wilson's debit card to withdraw money at the gas station.

¶ 14        Defense counsel indicated that the factual basis was consistent with discovery and that the facts were sufficient to prove defendant guilty beyond a reasonable doubt at trial. When asked by the circuit court if he agreed with his counsel's representations, defendant answered, "Yes, sir." Defendant also acknowledged that he understood the potential sentencing range but wished to waive his rights and proceed with his plea.

¶ 15    Prior to sentencing, counsel for defendant filed a motion to withdraw his guilty plea because he was under the influence of psychotropic medication and misunderstood his plea. The circuit court indicated that it did not believe defendant was telling the truth. Counsel asserted that defendant continued to misunderstand the proceedings that were ongoing before the court. As a result, the court ordered a second psychological examination of defendant to be done while he was taking his medication to determine its impact on his fitness.

¶ 16    The psychological evaluation indicated that defendant was fit to proceed to sentencing and that he would have been fit at the time he entered his guilty plea. Counsel argued to the circuit court that, regardless what the psychological examination found, defendant did not knowingly and intelligently plead guilty. The court disagreed, denied the motion, and found defendant fit.

¶ 17    The circuit court sentenced defendant to 23 years in prison, followed by 3 years of mandatory supervised release. Counsel filed a motion to reconsider defendant's sentence *instanter*, which the court denied. Defendant appealed.

¶ 18                    D. Direct Appeal

¶ 19    On appeal, the Illinois Appellate Court, Third District, held that plea counsel failed to renew the motion to withdraw defendant's guilty plea and failed to file an Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate. *People v. Sparks*, No. 3-17-0565 (June 19, 2019) (unpublished minute order).

¶ 20              E. Amended Motion to Withdraw Guilty Plea

¶ 21    On remand, defendant filed a *pro se* motion to withdraw his guilty plea and vacate his sentence, alleging that his "public defender intimidated and pressured me into going into a plea agreement because she knew I don't know anything about the law." The circuit court assigned

- 4 -

counsel, who filed a Rule 604(d) certificate and refiled the amended motion to withdraw guilty plea and a motion to reconsider sentence.

¶ 22    At the hearing on defendant's motions, defendant testified that the Department of Corrections gave him prescription medication for post-traumatic stress disorder. He claimed that plea counsel did not speak with him about the police reports in his case or share any discovery in his case. He then added, "But I was off the medication, so I did not know what I was doing." He testified that he did not understand what was happening during the defense of his case or on the day of his plea. Defendant stated that he did not understand the plea agreement due to counsel's failure to communicate its terms.

¶ 23    Defendant also testified that he was intoxicated on drugs and alcohol when he was intimidated into making an admission to his involvement in the alleged home invasion, but plea counsel never spoke with him about filing a motion to suppress those statements. He also alleged that Wilson concocted his involvement in the home invasion because she was mad at him for being in a relationship with her and another woman at the same time. He denied having informed plea counsel of this information or having talked to her about any other alibi defense.

¶ 24    The circuit court denied defendant's amended motion to withdraw his guilty plea and motion to reconsider his sentence. Defendant appealed.

¶ 25                                    F. Second Direct Appeal

¶ 26    On appeal, the Illinois Appellate Court, Third District, granted the Office of the State Appellate Defender's motion to withdraw because there were no arguable issues of merit to consider on appeal. See *Anders v. California*, 386 U.S. 738 (1967). Defendant filed a response to appellate counsel's motion to withdraw, in which he asserted that his plea counsel was ineffective for failing to share discovery, pursue an alibi defense, or file a motion to suppress statements. He

also argued that counsel misinformed him as to his options and pressured him into pleading guilty. The appellate court found that the circuit court did not abuse its discretion in denying defendant's motions and that his claims of ineffective assistance of counsel failed the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Sparks*, No. 3-20-0429 (June 8, 2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 27                                G. Postconviction Proceedings

¶ 28            In March 2021, defendant filed a *pro se* petition for postconviction relief. He alleged his plea counsel was ineffective in multiple respects, including her admission to him that she "f up on my case." Defendant also filed a *pro se* motion to suppress his statement and quash his arrest. He alleged that he was intoxicated and "under the influence of drugs and alcohol" at the time of his postarrest questioning. He also alleged that he told the police he was on the other side of town at the time of the alleged home invasion, but he was pressured and coerced to confess. Finally, defendant filed a *pro se* motion alleging that photos and videos existed that would show Wilson did, in fact, know him, even though she told plea counsel she did not. The circuit court incorporated all of defendant's *pro se* motions into his postconviction petition and determined that the claims merited appointment of counsel, advancing the petition to the second stage.

¶ 29            Appointed counsel initially filed a motion to withdraw, arguing that the postconviction claims were without merit and frivolous because they had been resolved on direct appeal and were barred by *res judicata*. One month later, however, postconviction counsel reversed course due to a recent conversation in which defendant informed him of several additional facts; he asked that his prior motion for leave to withdraw be stricken.

¶ 30            Postconviction counsel filed an amended postconviction petition in October 2024, alleging that plea counsel was ineffective for failing to file a motion to suppress statements made

to the police and for failing to recognize available defenses based on Wilson's fabricated claims. It also alleged that defendant was unmedicated and delusional at the time of his plea and did not understand its consequences. The amended petition further alleged that plea counsel admitted to defendant that she "made professional errors" in his case. Defendant's affidavit was filed with his amended petition, but no other corroborating evidence or affidavits were filed. Postconviction counsel filed an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate.

¶ 31        The State filed a motion to dismiss the amended petition, and the circuit court held a second-stage hearing. In May 2025, the court issued a written order finding that defendant's arguments failed to address constitutional issues, dealt with matters previously resolved in prior appellate opinions, or were completely rebutted by the record. The State's motion to dismiss was granted, and defendant's amended postconviction petition was dismissed.

¶ 32        This appeal followed.

¶ 33                                II. ANALYSIS

¶ 34        On appeal, defendant argues that his postconviction counsel failed to comply with Rule 651(c) by failing to sufficiently shape and support the allegations in the amended postconviction petition. Specifically, defendant argues that postconviction counsel failed to plead sufficient facts showing that plea counsel admitted to making prejudicial errors that caused him to involuntarily plead guilty instead of proceeding to trial. Defendant concedes that the remaining allegations in his amended postconviction petition are barred by *res judicata*. See *People v. Emerson*, 153 Ill. 2d 100, 106-07 (1992).

¶ 35                                A. The Act

¶ 36        The Act provides a three-stage process for a criminal defendant to claim that a substantial violation of his federal or state constitutional rights occurred at the proceedings which

- 7 -

resulted in his conviction. *People v. Tate*, 2012 IL 112214, ¶¶ 8-9; *People v. Griffin*, 178 Ill. 2d 65, 72-73 (1997). At the first stage, the circuit court must review a *pro se* petition within 90 days and may dismiss it if it is frivolous and patently without merit. 725 ILCS 5/122-2.1(a) (West 2020). Petitions that are not summarily dismissed advance to the second stage, where counsel may be appointed to assist an indigent defendant. *Id.* § 122-4. Petitions that make a substantial showing of a constitutional violation at the second stage advance to a third-stage evidentiary hearing, where the court determines, based on the evidence presented, whether the petitioner is entitled to relief. *Tate*, 2012 IL 112214, ¶ 10; *People v. Domagala*, 2013 IL 113688, ¶ 34.

¶ 37    "At the pleading stage of postconviction proceedings, all well-pleaded allegations in the petition and any supporting affidavits that are not positively rebutted by the trial record are to be taken as true." *People v. Robinson*, 2020 IL 123849, ¶ 45. If a postconviction petition is dismissed at the second stage, we generally review the circuit court's decision *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

¶ 38    At the second stage of postconviction proceedings, postconviction counsel's duties are prescribed by Rule 651(c). *People v. Addison*, 2023 IL 127119, ¶ 37. The rule provides, in relevant part, as follows:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

Counsel's certification that he or she has complied with the duties set forth in Rule 651(c) creates a rebuttable presumption that the petitioner was provided with a reasonable level of assistance. *People v. Urzua*, 2023 IL 127789, ¶ 54. If petitioner rebuts the presumption, he or she is entitled to remand for the attorney to "comply with the limited duties required by Rule 651(c)," even if the claims raised in the petition lack merit. *Addison*, 2023 IL 127119, ¶ 37.

¶ 39 There is no requirement that postconviction counsel must amend a defendant's *pro se* petition in every case. *People v. Bowman*, 55 Ill. 2d 138, 140 (1973).

¶ 40 B. Defendant's Petition

¶ 41 Defendant argues he was deprived of the effective assistance of postconviction counsel because postconviction counsel failed to shape his claims and plead them with sufficient facts. Specifically, he alleges that counsel's amended pleading failed to make sufficient factual allegations concerning plea counsel's admission that she made prejudicial errors that caused him to involuntarily plead guilty. He claims that postconviction counsel should have provided evidentiary support to the amended petition so that it could withstand a motion to dismiss and that his failure to do so demonstrates a lack of substantial compliance with the requirements of Rule 651(c). We disagree.

¶ 42 In the *pro se* postconviction petition, defendant alleged, "when Attorney fired of the case load she [admitted] she f up on my case." He provided no additional facts or evidence of when, where, why, or how the statement was made.

¶ 43 The record in this case shows that defendant's postconviction counsel amended the postconviction petition after consulting with defendant, examining the record, reviewing the appellate history, and conducting further investigation. Postconviction counsel identified plea counsel's prejudicial errors in defendant's case as including the failure to file a motion to suppress

and failure to pursue other available defenses. Postconviction counsel made it clear in the amended petition that

> "plea counsel acknowledged to Petitioner that she made prejudicial errors in his case which caused Petitioner to plead guilty rather than proceed to trial in the absence of a defense. By falsely informing Petitioner that the available defenses were not viable, counsel coerced Petitioner into entering an involuntary guilty plea."

Postconviction counsel also prepared an affidavit for defendant, attesting to the alleged information he provided to plea counsel that she either ignored or deemed not viable. Postconviction counsel filed a Rule 651(c) certificate, creating a rebuttable presumption that he complied with the rule's requirements that he consult with defendant about his allegations that he was deprived of his constitutional rights, examine the trial record, and make any necessary amendments to the petition to adequately present defendant's claims. See *Urzua*, 2023 IL 127789, ¶ 21 (describing the rebuttable presumption created by the filing of a certificate).

¶ 44    While defendant contends that postconviction counsel should have attached additional evidentiary support, he fails to identify what, if any, support could or should have been included. See *People v. Williams*, 2025 IL 129718, ¶ 46 (noting that a reviewing court should not assume the existence of additional facts and allegations that could have been included in the petition, especially when, in the context of a guilty plea, there is nothing in the record to demonstrate a viable defense). The record does not establish that counsel was, or could have been, in possession of additional supporting evidence that he failed to attach to the petition. See *People v. Turner*, 2023 IL App (1st) 191503, ¶ 44 (stating that if a petition is not supported by other evidence, a court can ordinarily presume that postconviction counsel made a concerted effort to

obtain such things in support of defendant's claims but was unable to do so). Postconviction counsel is "under no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition." *People v. Johnson*, 154 Ill. 2d 227, 247 (1993). Moreover, "[w]here there is not a showing that sufficient facts or evidence exist, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the granting of relief." *People v. Stovall*, 47 Ill. 2d 42, 46 (1970). Defendant has failed to present anything in the record that would rebut the presumption that counsel complied with Rule 651(c).

¶ 45        Defendant relies heavily upon *Addison*, 2023 IL 127119, ¶ 28, in support of the proposition that the presumption created by postconviction counsel's Rule 651(c) certificate was clearly rebutted by the failure to adequately amend the petition. However, we find *Addison* distinguishable. *Addison* found that postconviction counsel provided unreasonable assistance by failing to shape any of the claims in the amended petition to allow them to be considered. *Id.* ¶¶ 26, 30. However, the record in *Addison* established that postconviction counsel made the *pro se* petition worse by amending it. *Id.* ¶ 24. In fact, postconviction counsel amended the *pro se* petition and failed to include any claims of ineffective assistance of appellate counsel and completely failed to allege any way in which appellate counsel was ineffective, leaving the petition susceptible to dismissal via procedural bar. *Id.* Thus, the issue in *Addison* was the wholesale failure to advance claims, not the contention that articulated claims were inadequately supported by factual allegations.

¶ 46        In the instant case, the record does not establish that postconviction counsel made defendant's *pro se* petition worse by amending it or that he failed to include any of defendant's *pro se* claims. To the contrary, postconviction counsel bolstered the *pro se* claims that defendant

- 11 -

had made and included evidentiary support that was available to him related to plea counsel's failure to file a motion to suppress and failure to pursue other available defenses. The record does not establish that additional evidentiary support existed or that postconviction counsel failed to seek it. Defendant's claim that additional detail should have been alleged presumes that such additional detail was known or knowable, but absent any indication to that effect in the record, we are left again with the contrary presumption created by counsel's certificate.

¶ 47    Accordingly, we reject defendant's argument that his postconviction counsel violated Rule 651(c) by failing to sufficiently shape and support the allegations in the amended postconviction petition. Defendant has failed to carry his burden in overcoming the presumption of reasonable assistance.

¶ 48                                III. CONCLUSION

¶ 49    For the reasons stated, we affirm the circuit court's judgment.

¶ 50    Affirmed.